In the Matter of B.J.L., INC., Doing Business as LATER-RAZZA, et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF CLARKSTOWN et al., Appellants. [792 NYS2d 95]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clarkstown, dated March 24, 2003, which denied the application of B.J.L., Inc., doing business as LaTerrazza, and Giabretti, Inc., inter alia, for the issuance of a building permit without site plan approval, the Zoning Board of Appeals of the Town of Clarkstown, the Town of Clarkstown Building Department, and Jeffrey Millman, as Zoning Administrator, appeal from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated September 17, 2003, which vacated the determination of the Zoning Board of Appeals of the Town of Clarkstown, granted the petition, and directed the issuance of a building permit.

Ordered that the judgment is reversed, on the law, with costs, the determination of the Zoning Board of Appeals of the Town of Clarkstown is reinstated, the petition is denied, and the proceeding is dismissed.

The petitioner B.J.L., Inc., doing business as LaTerrazza (hereinafter the petitioner), is the owner of a restaurant that is approximately 4,330 square feet, with an additional outdoor deck area that is approximately 3,600 square feet. The deck was constructed by the prior owner with the permission of the Town of Clarkstown, and a certificate of occupancy was issued for an

"open deck for outdoor dining (also including additional parking area)," to be used seasonally. The former owner also erected a tent covering 2,000 square feet of the deck. The petitioner continued to use the deck and tent, and replaced the tent as needed.

In 2002 the town notified the petitioner that the tent violated section 109-4 (A) of the Zoning Code of the Town of Clarkstown (hereinafter the Zoning Code), which, in relevant part, provides that no person, firm, or corporation shall erect any building or structure without first obtaining a building permit. Under the Zoning Code, building permit applications are to be accompanied by a site plan either approved by the town planning board, or with the approval waived (see Zoning Code of Town of Clarkstown § 290-31[D]). Exceptions to this requirement include, inter alia, "[a]lterations involving enlargements of not more than 10% of the square feet of floor area or 500 square feet of floor area, whichever is less" (Zoning Code of Town of Clarkstown § 290-31[D] [2] [c]). The petitioner's subsequent application for a building permit was denied after it was determined, inter alia, that "the structure to the rear of the restaurant is not a tent-like structure . . . but rather a building as defined under Town Code section 290-3 (B)," and was erected without the required site plan approval and building permit. The petitioner sought review of the denial before the Zoning Board of Appeals of the Town of Clarkstown (hereinafter the ZBA). The petitioner, although conceding that the tent was a "building" within the meaning of the Zoning Code, argued that site plan approval was not needed because the tent/building would not increase the floor space of the restaurant. However, the ZBA upheld the denial of a building permit, finding that the area under the tent/building would constitute "floor area" within the meaning of section 290-31 (D) (2) (c) of the Zoning Code and, therefore, the tent/building was an alteration involving an enlargement of more than 500 feet and more than 10% of the square feet of the floor area of the restaurant. The petitioner commenced this proceeding to challenge that determination. The Supreme Court granted the petition, vacated the determination of the ZBA, and directed the issuance of a building permit. We reverse.

The ZBA's determination must be upheld if it is not irrational or arbitrary (see Matter of Vrooman v Zoning Bd. of Appeals of Town of Philipstown, 298 AD2d 594 [2002]; Matter of Morida Assoc. v Zoning Bd. of Appeals of Town of Mount Pleasant, 289 AD2d 580 [2001]; Matter of Stoneleigh Farms Assoc. v Town of Carmel Zoning Bd. of Appeals, 276 AD2d 705 [2000]; Matter of Vergilis v Planning Bd. of Vil. of Fishkill, 251 AD2d 506 [1998]).

Here, the Zoning Code does not expressly define "floor space" as it concerns commercial property. However, it cannot be said that the ZBA's interpretation of Zoning Code of the Town of Clarkstown § 290-31 (D) (2) (c) was irrational or arbitrary. Thus, the proceeding should have been dismissed. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.